IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 13-644 |
| EDWARD W. HILL | |

### MEMORANDUM OPINION

**Schmehl, J.**  *s/JLS*                                                                                   **October 22, 2020**

Before the Court is a counseled motion filed by Defendant Hill that seeks a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a response, and argument was held. Defendant's motion is now ready for decision.

**I.     STATEMENT OF FACTS**

On March 10, 2014, Mr. Hill pled guilty to one count of distributing child pornography and one count of possessing child pornography. Hill came to the attention of law enforcement on May 3, 2013, when an HSI special agent on a peer-to-peer network downloaded 10 files of child pornography directly from Hill's account. A subsequent search of Hill's residence on July 10, 2013, yielded electronic equipment containing at least 100 single images and 225 videos of child pornography, including images of known victims. On June 11, 2015, the Honorable James Knoll Gardner sentenced Hill to a term of imprisonment of 121 months, followed by eight years of supervised release. His projected release date is March 25, 2024.

Defendant's request for compassionate release is based upon his obesity and his ulcerative colitis. His colitis is managed with a medication called Remicade, which he

argues suppresses his immune system and makes him vulnerable to infection. Hill requested compassionate release from the Warden of FMC Devens on or about May 18, 2020. On July 10, 2020, counsel was appointed to assist Hill with his compassionate release motion, and on August 12, 2020, Hill filed a counseled motion in this Court seeking release. The Government originally responded and opposed Hill's motion on the grounds that there was no evidence that Hill had made a request for release to the Warden. On August 25, 2020, Hill made a new administrative request, and since more than 30 days have elapsed since he submitted this request to the Warden, Hill's case is now ripe for by this court.

Along with his motion, Hill also provided his medical records from the Bureau of Prisons. The records reveal that Hill, who is 34 years old, suffers from ulcerative colitis, prediabetes and obesity. He has committed three disciplinary infractions while at FMC Devens. On July 30, 2018, he possessed an unauthorized item (sexually explicit photos), on August 10, 2018, he again possessed an unauthorized item (sexually explicit book) and on October 17, 2018, he was involved in an altercation with another inmate.

## II.   **LEGAL AUTHORITY**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

>warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The relevant Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." In application note 1 to the policy statement, the Commission identifies "extraordinary and compelling reasons" that may justify compassionate release as follows:

>1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>(A) Medical Condition of the Defendant.—
>
>>(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>>(ii) The defendant is—

3

      (I) suffering from a serious physical or medical condition,

      (II) suffering from a serious functional or cognitive impairment, or

      (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant

    (i)     is at least 65 years old;

    (ii)    is experiencing a serious deterioration in physical or mental health because of the aging process; and

    (iii)   has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.— As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances that meet the test for compassionate release. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

Accordingly, if a defendant's medical condition is found to be the type of condition that puts a defendant at the increased risk of an adverse outcome from COVID-19, a court must then analyze the factors under section 3553(a) and the Sentencing Commission's policy statement. Section 3582(c)(1)(A) requires a court to consider the "factors set forth in section 3553(a) to the extent they are applicable" before a sentence may be reduced. These factors require a determination of whether the sentence served "reflect[s] the nature and circumstances of the offense and the history and characteristics of the defendant;" "reflect[s] the seriousness of the offense;" "promote[s] respect of the law;" and "afford[s] adequate deterrence to criminal conduct." The statute also instructs a court to consider the Sentencing Commission's policy statement, which allows a sentence reduction only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.

### III.   DISCUSSION

Hill argues that his medical conditions put him at increased risk of an adverse outcome from COVID-19, which results in an "extraordinary and compelling" reason for his release from incarceration. Accordingly, I will analyze his motion under section (A) of the Sentencing Guidelines policy statement set forth above.[1]

Hill asserts that his greatest danger from COVID-19 comes from the fact that he is obese: as of July 31, 2020, he had a BMI of 35.1, which is over the CDC's obesity threshold of 30. The CDC recognizes that obesity "increases your risk of severe illness from COVID-19" and advises people who are obese to "maintain[] social distancing precautions." The

---

[1] Hill cannot argue age of the defendant as set forth in subsection (B) above, as he is only 34 years old. Nor does he argue the "family circumstances" reason of subsection (C) or the "other reasons" set forth in subsection (D). USSG § 1B1.13.

5

Government admits that Hill is eligible for consideration for compassionate release, because he presents a definite risk factor: obesity, that is, a body mass index of over 30. (His prediabetes is not a risk factor. *See, e.g., United States v. Rae*, 2020 WL 4544387, at *4 (E.D. Pa. Aug. 6, 2020) (Pratter, J.); *United States v. Thomas*, 2020 WL 4754191 (W.D. Pa. Aug. 17, 2020)).

Hill further argues that he is immunocompromised as a result of taking Remicade for his ulcerative colitis, but the CDC states that being immunocompromised from medication only "might" present a risk. Therefore, I will not consider this medical condition in analyzing the instant petition. However, Hill's obesity admittedly places him at greater risk of an adverse outcome from COVID-19, and therefore, he does present an "extraordinary and compelling reason" for relief. The analysis does not end there though, as I also must examine the 3553(a) factors and Hill's possible danger to the community.

In examining the 3553 factors, I must examine whether the sentence served reflects the nature and circumstances of the offense and the history and characteristics of the defendant, reflects the seriousness of the offense, promotes respect of the law, and affords adequate deterrence to criminal conduct. First, including good time credit, Hill has only served approximately 71 months of his 121-month sentence for significant child exploitation offenses. 71 months in jail for an individual who possessed the number of child pornography images possessed by Hill is insufficient to reflect the seriousness of the offense and afford adequate deterrence to criminal conduct.

In addition, I find that Hill continues to present a danger to the community, as he admitted to inappropriate sexual contact and online communications with minors, in addition to his possession of child pornography. As Hill's prior criminal conduct can be

6

committed from the safety of his home if he were released, monitoring him would be extremely difficult without frequent home visits, which would increase the risk of COVID-19 to both Hill and the individuals monitoring him.

Further, numerous courts in this district have denied early release for child sex offenders such as Hill, even when the defendants had medical conditions that may increase the risk from COVID-19. *See, e.g.*, *United States v. Ackerman*, 2020 WL 5017618, at *8-10 (E.D. Pa. Aug. 25, 2020) (Marston, J.); *United States v. Justis,* 2020 WL 4365596, at *3 (E.D. Pa. July 29, 2020) (Surrick, J.); *United States v. Donaghy*, 2020 WL 4805353, at *3 (E.D. Pa. Aug. 18, 2020) (Bartle, J.).

Accordingly, even though Hill's medical condition may increase his likelihood of an adverse outcome from COVID-19, when considering the 3553 factors and his possibility of posing a danger to the public, Hill does not warrant a sentence reduction.

### IV.   CONCLUSION

For the foregoing reasons, Hill's motion for compassionate release is denied.